UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA )
)
V. ) No. 2:09-CR-05
)
LYNCE P. FOSTER )

## REPORT AND RECOMMENDATION

The defendant has filed a motion to dismiss the indictment based upon due process and double jeopardy grounds. (Doc. 66).

Defendant's motion was referred to the United States Magistrate Judge under the standing orders of this Court and pursuant to 28 U.S.C. § 636(b). A hearing was held on November 18, 2009.

The basis of the motion is defendant's 2007 conviction in Hamblen County Criminal Court for attempt to deliver Schedule II narcotics (cocaine). He argues that the acts underlying that conviction were all part of the same series of transactions that constitute the conspiracy in Count 1, and the charge of possession with the intent to distribute which is charged in Count 2.

Even if the facts as defendant alleges in his motion are accurate, the double jeopardy clause of the Fifth Amendment has no application since the underlying conviction which forms the basis of his motion flowed from a *state* prosecution. Two "sovereigns" are involved, the United States government and the government of the State of Tennessee, and a prosecution for an act by one of those sovereigns does not bar a prosecution for the same act by the other sovereign. *See, Bartkus v. Illinois*, 359 U.S. 121 (1959).

The foregoing addresses the motion *as it was drafted*. However, defense counsel presented issues not embraced within the motion. Specifically, defense counsel argued that a prosecution in the Middle District of Tennessee, which ended favorably for the defendant, involved acts which form at least a part of the conspiracy with which he is charged in Count 1 of this indictment.

The United States was wholly unprepared to address this argument.

As already noted, the motion as written addresses a single, discrete, and well-defined issue, *viz.*, that defendant's prosecution and ultimate conviction in Hamblen County Criminal Court should serve as a bar to this federal prosecution. Raising for the first time at the final pretrial conference/motion hearing the question of the prosecution in the Middle District of Tennessee is unfair, both to the United States and to the court.

This court will address the motion as written, and nothing else.

Accordingly, it is recommended that defendant's motion for dismissal of the indictment (Doc. 66), be denied.[1]

Respectfully submitted,

                                                      s/ Dennis H. Inman
                                            United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within ten (10) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).