UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | No. 2:09-CR-05 |
| ) | |
| LYNCE P. FOSTER ) | |

**REPORT AND RECOMMENDATION**

The defendant has filed a motion to suppress statements that he made to Special Agent Greg Moore of the Bureau of Alcohol Tobacco Firearms and Explosives. (Doc. 25).

Defendant's motion was referred to the United States Magistrate Judge under the standing orders of this Court and pursuant to 28 U.S.C. § 636(b). An evidentiary hearing was held on November 18, 2009. The only witness at the hearing was Special Agent Moore.

Agent Moore had three conversations with defendant. In October 2008, while defendant was incarcerated in a state facility in Davidson County, Tennessee, Agent Moore interviewed defendant in hopes of persuading defendant (1) to plead guilty to the indictment Agent Moore ultimately intended to procure, and (2) to cooperate with Agent Moore's investigation regarding the criminal activity of other individuals.

Agent Moore read to defendant the *Miranda* warnings from the ubiquitous card carried by law enforcement agents and officers, and immediately thereafter presented to defendant a document which defendant was asked to sign that indicated that he understood his right to remain silent and that he was giving up that right. Defendant refused to sign it,

but nevertheless voluntarily talked with Agent Moore for some length of time, arguably incriminating himself in the process.

On January 22, 2009, at which time defendant was incarcerated in the South Central prison facility of the state of Tennessee, Agent Moore again interviewed defendant, and that interview was almost identical to the one that preceded it in October. Agent Moore advised defendant of his constitutional right to remain silent; he presented a written acknowledgment/waiver to defendant for his signature; and defendant refused to sign it. On this occasion, Agent Moore wrote on the form, "Refused to sign," generating some excitement in defendant and causing him to exclaim, "You can't do that!", or words to that effect. Agent Moore simply tore the written form up to placate defendant. However, after the interview ended, Agent Moore took out another form and wrote upon it, "Refused to sign."

On January 27, 2009, in the process of transporting defendant from state custody to this court, Agent Moore for the third time administered *Miranda* warnings to the defendant, and their ensuing conversation was all but identical to their two prior conversations.

A reasonable inference that one may draw from Agent Moore's testimony regarding defendant's willingness to talk notwithstanding his refusal to sign the acknowledgment/ waiver is that defendant believed - erroneously - that he could talk freely without any adverse consequences so long as he refused to sign a written form wherein he acknowledged his right to remain silent and was giving up that right.

Defendant states in his motion to suppress that he was not advised of his constitutional rights. The proof shows otherwise. Agent Moore administered the required *Miranda* warnings to defendant before interviewing him on each of the three occasions described above. The fact that defendant refused to sign a written acknowledgment that the warnings were administered is quite irrelevant.

It is recommended that defendant's motion to suppress his statements (Doc. 25), be denied.[1]

Respectfully submitted,

        s/ Dennis H. Inman
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within ten (10) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).